**BALAREZO LAW**
CRIMINAL DEFENSE

July 6, 2021

Jeffrey Hann, Esq.
Office of the United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD. 21201

      Re:    *United States v. Lamar Prilliman*
            Criminal No. 21-0190 (GLR)

Dear Mr. Hann:

      As you are aware, I recently entered my appearance in this case as counsel for Mr. Prilliman. By this letter, and pursuant to Federal Rules of Criminal Procedure 16(a) and 26.2, *Brady v. Maryland,* 373 U.S. 83 (1963), and all other applicable rules and statutes, I write to request the following discovery in the above-captioned case.[1]

      Please note that each request listed below calls for all items which are within the possession, custody, or control of the government, or which are either known to exist or could by the exercise of due diligence become known to the government. Each request is also of a continuing nature, and prompt notice is requested in the event that responsive information comes to the government's attention at any point in the future. Should your office decline to provide any information requested herein, please advise in writing of the objection and reasons supporting the objection.

### Warrantless Wiretapping / Surveillance

      Please identify in detail any evidence against Mr. Prilliman that was derived from eavesdropping through warrantless wireless surveillance by any party, person, entity, agency, and/or office, whether foreign or domestic.

      This request includes any evidence obtained or derived from acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. § 1881a as well as any evidence obtained from the Drug Enforcement Administration's Special Operations Division ("SOD")[2] and/or developed through

---

[1] I make this request pursuant to Standing Order 2020-01 § 2(a).
[2] Upon information and belief, the SOD is a unit of the DEA that includes partner agencies such as the Federal Bureau of Investigation, Central Intelligence Agency, National Security Agency, Internal Revenue Service,

400 Seventh Street NW   Ste 306   Washington, DC 20004

A. Eduardo Balarezo, Esq.   tel 202.639.0999   email aeb@balarezolaw.com
Admitted in DC, NY & MD   fax 202.639.0899   web www.balarezolaw.com

the practice of "parallel construction."

Please produce all evidence obtained pursuant to the National Security Agency's "Prism" program, including all "metadata" pertaining to any telephone the government alleges was used or possessed by Mr. Prilliman.

Please identify and produce any evidence obtained through warrantless use of a GPS device or through the warrantless use of cell site/tower data.

Please identify in detail the means, methods and manner in which the government obtained evidence in this case through the use of the "Stingray" device or "cell site simulators" or "IMSI or ESN catchers."

### Wiretap and / or Title III Intercepts and / or Foreign Intercepts

The request set forth in this section relates to both domestic and foreign wiretap intercepts. As a predicate to potential motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, please indicate whether any Title III wiretap interception, or interception authorized under the laws of a foreign country, occurred during the investigation of this case, and whether or not any leads were derived therefrom. Also provide all relevant applications for court orders and 10-day or other reports pertaining to electronic or video or telescopically enhanced surveillance or "pen register" operations, or to the affixing of any instrument to record the telephone number of any incoming or outgoing calls in connection with this case. Please include all court orders, interim reports by the government to the court, logs, tapes, digital recordings, transcripts, applications for, or orders extending, dates for notification of such surveillance, as well as all papers submitted to the court concerning sealing of surveillance tapes or records. If surveillance was accomplished without court order, so state, including dates, times, places, etc. of such surveillance. We also request all tapes and transcriptions of any and all one-party "consent" aural acquisitions related to this case.

Please provide all "Line sheets" (contemporary synopses of the wiretap interceptions) produced in sequence in a single file for each wiretap, and identify which calls were believed to be "pertinent" and which, if any, were "minimized." This information is necessary to determine whether the wiretaps were lawfully conducted.

Please provide all "Daily Reports" related to any intercepts. Experience has revealed that agents monitoring wiretaps prepare daily reports as to the number of pertinent calls, the number of "minimizations," and any malfunctions or other irregularities. As with the "line sheets" requested above, this information is necessary to determine whether the wiretaps were lawfully conducted.

Please provide all Operating Procedures employed during the wiretaps. Experience has revealed that agents monitoring the wiretaps are given both an oral briefing on the procedures to be used and written operating procedures to be kept as a reference. As with the

---

Department of Homeland Security and other government agencies. This request encompasses any other units similar to the SOD residing in any partner agency.

items requested above, this information is necessary to determine whether the wiretaps were lawfully conducted.  Please provide transcripts of all intercepts, even if such are in rough form.

### *Brady* Request

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972), please provide all exculpatory or impeachment material in the government's possession, custody, or control, or otherwise known to the government, including but not limited to:

(1) any and all records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including but not limited to relevant "rap sheets," of each witness the government intends to call at trial;

(2) any and all records and information evidencing prior or subsequent criminal acts, bad acts, or possible misconduct of any witness the government intends to call at trial. This request includes, but is not limited to, any criminal acts, bad acts, or possible misconduct of government witnesses alleged by others;

(3) any and all consideration or promises of consideration given by *any* law enforcement or government officials, whether foreign or domestic, including prosecutors or agents, DEA agents, police officers, informers, or by any other government official, representative or agent, to or on behalf of any witness the government intends to call at trial, or to any member of the immediate family of any such witness.  Such "consideration" refers to anything which arguably could be of value or use to a witness, whether formal or informal as well as direct or indirect, including but not limited to: leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority whether foreign or domestic, or other parties, including the conditions of confinement or incarceration; civil, criminal, or tax immunity grants; relief from forfeiture, payment of money, reward or fees, witness fees and special witness fees; provisions of food, clothing, transportation, legal services or other benefits; visas to reside in the United States; any and all intervention on behalf of such persons with regard to legal status in the United States; placement in a "witness protection" program, letters to anyone informing the recipient of the witness' cooperation or informer registration; promises to take affirmative action to help the promisee not to jeopardize such status; aid or efforts in securing or maintaining the business or employment of a witness, or promises not to jeopardize such status; and anything else which arguably could reveal an interest, motive or bias on the part of the witness in favor of the prosecution or against  Mr. Prilliman or act as an inducement to testify or to color the testimony;

(4) any and all documents, statements, and other evidence, including but not limited to written summaries of any oral evidence and statements, now in possession of the government or which may become known to the government, or which through due diligence may be learned by the government, which is exculpatory in nature or favorable to Mr. Prilliman or which may lead to material which is exculpatory in nature or

favorable to Mr. Prilliman, or which tends to negate or mitigate the guilt of Mr. Prilliman as to the offenses charged, or which would tend to reduce the punishment thereof. Please include the names, addresses, and telephone number of any persons who know or may know of any such favorable or exculpatory material or who may lead to persons or materials that may be favorable or exculpatory. Also include any written or recorded statements or the substance or oral statements by any person which are inconsistent with testimony or expected testimony any government witness will give at trial and any other evidence which otherwise reflects upon the credibility, competency, bias or motive or may otherwise tend to impeach any of the government's witnesses;

(5)     with respect to each witness the government intends to call at trial, or any member of the immediate family of such witness, copies of any criminal indictment, complaint or information *brought against* such persons by the federal, or any state or local, government or any foreign government; and any disciplinary, licensing, tax, customs, or immigration proceeding brought by the federal, or any state or local, government or any foreign government. Please set forth what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date; the date or dates on which pleas of guilt, if any, took place; and the names of the courts, judges, and/or hearing officers before whom such pleas were taken. If the government does not have copies of all indictments, complaints, or proceedings, state the dates and places of arrests, hearings, indictments, and information, the charges brought, and the disposition of those charges or matters so far as it is known to the government;

(6)     with respect to each witness the government intends to call at trial, or any member of the immediate family of such witness, a written summary of any charges or tax proceeding which *could be brought* by the federal, or any state or local, government or foreign government, but which have not or will not be brought because the witness cooperated with the government, whether such cooperation is current or past, or for any other reason. Please include copies of any memoranda or understanding between the government and its witnesses, whether by way of a letter to the attorneys for such witnesses or otherwise;

(7)     notice of each occasion upon which a witness the government intends to call at trial has testified before any court, grand jury, or other tribunal or body, or has officially narrated in relation to Mr. Prilliman or to the investigation of or facts related to this case, including all identifying details of each occasion (including, but not limited to, the date thereof, nature of such proceedings/narration, name of tribunal/court/grand jury, etc., caption of any case/proceeding, etc.);

(9)     a list of all judicial proceedings and/or any criminal cases involving (as a witness, indicted co-conspirator, aider or abettor, or Mr. Prilliman) any person who is a potential prosecution witness at the trial in this action;

(10)    any and all statements or documents, including but not limited to grand jury testimony, trial testimony (whether at a foreign or domestic trial), statements to law enforcement (whether foreign or domestic) and federal, state and local tax returns, made or executed by any potential government witness at the trial in this action, which the

4

government knows, or through reasonable diligence should have reason to know, are false;

(11)    copies of any and all medical, psychiatric or other reports known to the government or which through reasonable diligence could be known to the government concerning any witness the government intends to call at trial which may arguably affect the witness' predisposition or credibility, as well as ability to perceive or relate or recall events, without any limitation.  For witnesses that have been or are incarcerated, this request includes all medical and mental/psychiatric evaluations performed by any medical/psychological practitioner (including but not limited to physicians, psychologist, nurses, nurse practitioners, physicians assistants) or social worker at any and all detention facilities upon inmate intake or during the course of detention;

(12)    any and all documents and/or other evidence regarding drug and alcohol usage and/or dependency by any individual the government intends to use as a witness at trial such as records relating to treatment of such individual in any federal, state, detention facility, military, or foreign drug or detoxification program, without any limitation;

(13)    any written or oral statement, whether or not reduced to writing, made by any potential government witness, that in any way contradicts or is inconsistent with or different from other oral or written statements that he/she has made;

(14)    any written or oral statement, whether or not reduced to writing, made by any potential government witness, which in any way contradicts or is inconsistent with or different from other oral or written statements made by any other potential government witness;

(15)    any failure by a potential witness to at any time recall a meeting, conservation or telephone communication with Mr. Prilliman regarding any matter alleged in the indictment or any matter as to which said potential witness might testify (notwithstanding that said failed recollection may subsequently have been refreshed either in whole or in part);

(16)    any request prepared by the prosecution or by any other government official or agent, or by any official or agent of a foreign country, for permission to grant immunity or leniency for any witness, whether or not such request was granted;

(17)    any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence;

(18)    any exculpatory information pertaining to Mr. Prilliman given before any grand jury by any person;

(19)    all records, documents and information requested in items (1) through (18) with respect to each non-witness declarant whose statements the government intends to offer into evidence; and

(20) please identify any person (including name and last known address/location) that the government, its agents and/or representatives believes has relevant knowledge and/or information with reference to the charges contained in the indictment, but whom the prosecution does not propose to call as witnesses at trial.

### *Jencks* Act Material

Please produce all material to which Mr. Prilliman is entitled pursuant to the *Jencks* Act, 18 USC § 3500, and Fed. R. Crim. P. 26.2. Mr. Prilliman specifically requests pretrial production of these statements so that the court may avoid unnecessary recesses and delays to allow defense counsel to properly use any *Jencks* statements and to prepare for cross-examination.

### *Giglio* Information

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), please produce all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witness.

### Evidence Seized / Search Warrants

Pursuant to Fed. R. Crim. P. 16(a)(1)(C), please disclose evidence seized as a result of any search, with or without a warrant. Please produce copies of any search warrants, warrant affidavits, warrant return forms, consent forms, and/or warrant inventories that were prepared in connection with this case. Fed. R. Crim. P. 12(b)(3); 16(a)(1)(C); and 41(c-d). If any items were seized, or searches conducted, without a warrant, please indicate the warrant exception pursuant to which the seizure or search occurred. U.S. Const. Amend. IV; Fed. R. Crim. P.12(b)(3). Please provide copies of all documents that were obtained as a result of searches or seizures, whether with or without a warrant. Fed. R. Crim. P. 16(a)(1)(C) and 41(c-e).

### Tangible Objects.

Pursuant to Fed. R. Crim. P. 16(a)(2)(C), please allow the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained for or belong to Mr. Prilliman.

I request access to any and all types of mobile telephone seized in relation to this case, including but not limited to, mobile, cellular, or satellite telephone. If necessary, I request the opportunity to charge such telephone and examine the data contained therein, whether contained on an internal hard drive/disk/chip or any SD or other memory card inserted into such telephone.

I request access to any and all computing or digital devices, memory cards, and/or hard drives related to the charges levied against Mr. Prilliman or related in any way to said charges.

**Documents**

Please produce any and all documents that the government intends to use at trial as evidence in its case in chief. Fed. R. Crim. P. 16(a)(1)(E). This includes not only those items which will be marked and offered into evidence, but all of those documents that will be relied on or referred to in any way by any witness called by the government during its case-in-chief. *United States v. Turkish*, 458 F.Supp. 874, 882 (S.D.N.Y. 1978).

Please produce any and all documents that are material to the preparation of the defense. Fed. R. Crim. P.16(a)(1)(E). The requested documents include, but are not limited to, those documents that play a significant role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and formulating impeachment and rebuttal. *See United States v. Felt*, 491 F.Supp. 179, 186 (D.D.C. 1979), *United States v. Secord*, 726 F.Supp. 845, 850 (D.D.C. 1989). These documents further include, but are not limited to:

(1)     copies of any and all documents referred to, directly or indirectly, in the indictment;

(2)     any and all documents containing or reflecting statements of any kind signed or made, or purported to have been signed or made, by Mr. Prilliman;

(3)     any and all documents prepared in connection with any statement or which the government will use or refer to at trial;

(4)     each and every document related to Mr. Prilliman, or to any entity related to Mr. Prilliman, which the government contends contains false or misleading statements or misrepresentations;

(5)     any and all checks or other evidence of payments, benefits, or things of value offered to or received by Mr. Prilliman in connection with any activities of Mr. Prilliman, as alleged or otherwise referenced in the indictment;

(6)     any and all correspondence, memoranda, notes, papers or other documents alleged to have been made, reviewed or received by Mr. Prilliman, by any entity related to Mr. Prilliman, or by any other person, entity, government official, agent or agency in connection with any activities of Mr. Prilliman, as alleged or otherwise referenced in the indictment;

(7)     any and all correspondence, telephone logs, messages sheets, memoranda, notes, diaries, calendars, papers or other documents, transcripts, audio/video/digital recordings, or the like which reflect meetings or conversations alleged to have occurred in connection with or in furtherance of any activities of Mr. Prilliman, as alleged or otherwise referenced in the indictment;

(8)     any and all correspondence, memoranda, notes, papers or other documents, audio/video/digital recordings prepared by or for the government, including any agents,

officials or employees of the government, which relate to the truthfulness or accuracy of any statements or representations made by Mr. Prilliman to any government or law enforcement authority, whether foreign or domestic;

(9) any and all audio/video/digital recordings, whether in the possession of the United States or any other government, related in any way to the investigation and/or prosecution of Mr. Prilliman;

(10) any and all documents which evidence any false or fraudulent statement or any representations alleged or referenced in the indictment; and

(11) Pursuant to 12 U.S.C. §3401, *et seq.*, all documents and records obtained from financial institutions.

### Arrest Reports, Notes and Dispatch Tapes

Please produce all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding Mr. Prilliman's arrest or questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents that contain Mr. Prilliman's statements or any other discoverable material in accordance with Fed. R. Crim. P. 16(a)(1)(A) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States,* 389 F.2d 911 (9th Cir. 1968); *United States v. Johnson,* 525 F.2d 999 (2d Cir. 1975); *United States v. Lewis,* 511 F.2d 798 (DC Cir. 1975); *United States v. Pilnick,* 267 F. Supp. 791 (S.D.N.Y. 1967). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about Mr. Prilliman are discoverable under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P 26.2 and 12(i). Mr. Prilliman also specifically requests that the government preserve any and all rough notes whether or not the government deems them discoverable at this time.

### Defendant's Statements

All written or recorded statements made by Mr. Prilliman, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Rule Fed. R. Crim. P. 16(a)(1)(A). This request includes not only statements that the government intends to introduce at trial in a case-in-chief, but also statements that the government may use for impeachment or other purposes.

In addition, this request encompasses statements made by Mr. Prilliman to third parties, who then made a statement to the government in which Mr. Prilliman's remarks were repeated or reported. *See United States v. Thevis*, 84 F.D.R. 47, 55 (N.D. Ga. 1979). Further, it encompasses any statements made by any agent of Mr. Prilliman to any officers or agents of *any* government or any attorneys that the government considers to be statements made by Mr. Prilliman.

Moreover, this request extends to the identity of the agents, representatives or prosecutors present at the time any oral statements referred to in the preceding paragraphs. In addition, this request encompasses the substance of any oral statements that the government

intends to offer into evidence at trial which were made by Mr. Prilliman, whether before or after the indictment, in response to interrogation by any person then known to be a government agent or representative of *any* government.  Fed. R. Crim. P. 16 (a)(1)(A).

Further, this request encompasses all records, reports, memoranda, notes, or other writings that contain the substance of any oral statement made by Mr. Prilliman to *any* government or law enforcement authorities, whether foreign or domestic, regardless of the government's intentions with respect to the statement's use at trial.  *See* Rule Fed. R. Crim. P. 16(a)(1)(A).  Also included are internal reports and memoranda prepared by law enforcement agents (as described above) to the extent that statements of Mr. Prilliman are related or described.  Where Mr. Prilliman's statement is contained in more than one writing, please identify each such writing.

Please also provide the substance of all statements and expressive conduct of Mr. Prilliman in response to all *Miranda* warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights.  In addition, we further request all recorded testimony of Mr. Prilliman, or of any person authorized to legally bind Mr. Prilliman or to make admissions on Mr. Prilliman's behalf, before any grand jury.

Finally, with respect to the government's due diligence obligation, please provide the name and whereabouts of any government agent, whether foreign or domestic, or witness who has had contact with Mr. Prilliman but who has not been interviewed to determine whether Mr. Prilliman made statements in his or her presence.

### Criminal Record

Please provide Mr. Prilliman's prior criminal record.  Fed. R. Crim. P. 16(a)(1)(B).  Please include rap sheets maintained by the Drug Enforcement Administration, the Federal Bureau of Investigation or any other relevant law enforcement authority, whether foreign or domestic.  Please indicate your intent regarding any conviction that the government may use as impeachment evidence should Mr. Prilliman testify at trial.

### Other Bad Acts, Wrongs, or Acts

Please describe in full detail any allegations of uncharged conduct by Mr. Prilliman that the government intends to introduce at trial.  Fed. R. Evid. 404(b).  In addition, please include any allegations of misconduct that the government may seek to use for impeachment or other purposes at trial.

### Grand Jury Issues

Please advise as to whether any persons were present during grand jury proceedings in addition to the grand jurors, witnesses, court reporters, Assistant United States Attorneys, and Special Attorneys, including attorneys from the Department of Justice or States Attorneys or States Attorney General Offices.

Please advise as to whether any grand jury material, including grand jury transcript or any document or information produced to the grand jury, was disclosed or released to any person other than the grand jurors, witnesses, court reporters, Assistant United States Attorneys, and Special Attorneys, including attorneys from the Department of Justice or States Attorneys or States Attorney General Offices.

Please provide the dates the grand jury that heard evidence in Mr. Prilliman's case was empaneled and adjourned. Please also provide the instructions given to the grand jury before the indictment was returned, the record (*i.e.*, transcript) of return of the indictment, the time and date of return of the indictment, the identifying number of grand jurors present, and the dates upon which those grand jurors were present and absent during the presentation of evidence to the grand jury.

### Expert Testimony

Please provide the name and address of any witness from whom the government intends to elicit "expert" testimony within the meaning of the Federal Rules of Evidence. Please produce any evidence that the government may present at trial under Fed. R. Evid. 702, 703, or 705 by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed. Please set forth the basis and reason for any such opinion, and include the data or other information upon which such individual relied in forming any such opinion, as well as the purported qualifications of the witness. Fed. R. Crim. P. 16(a)(1)(E).

### Reports of Scientific Tests or Examinations

Pursuant to Fed. R. Crim. P. 16(a)(1)(D), please produce reports of all tests and examinations conducted on the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, which are material to the preparation of the defense or which are intended for use by the government as evidence-in-chief at trial. This request also includes any drug analysis reports (DEA-7s).

### Summary or Demonstrative Evidence

Please produce any chart, summary, or calculation into evidence. Fed. R. Evid. 1006. Please produce any such chart, summary, or calculation, as well as all writings, recordings, photographs, or other information upon which such charts, summaries, or calculations are based.

### Identifications

Please provide a description of any identification procedures, including lineups, show-ups, photo-arrays, or display of Mr. Prilliman's person, photograph or image employed with regard to any potential government witness. If any identification procedure has been employed, please provide copies of all photographs and photo-arrays used as well as all

documents or recordings that describe or memorialize the identification procedure(s).

If any witness has identified Mr. Prilliman as a result of any identification procedure, please identify the witness and indicate the date upon which the identification occurred and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. *See Neil v. Biggers*, 409 U.S. 188 (1972).

If any witness has failed to identify Mr. Prilliman after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995).

### **Witnesses**

Please provide the names and last known addresses/locations of all witnesses that the government intends to call in its case in chief. If the government shall seek to have any witness testify under a pseudonym, please advise and provide the nature of such witness' testimony as well as the basis for any such request. Given the volume of records and evidence that must be reviewed in order to properly prepare for the examination of each witness the government may call in its case-in-chief, a list of prospective witnesses is vital to Mr. Prilliman's ability to adequately prepare his defense and to the expeditious and orderly conduct of the trial. Accordingly, a witness list is appropriate in this case. *United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975); *United States v. Madeoy*, 652 F.Supp. 371, 375-76 (D.D.C. 1987); and, *United States v. Poindexter*, 727 F.Supp. 1470, 1483 (D.D.C. 1989).

Please produce any evidence that any prospective government witness is biased or prejudiced against Mr. Prilliman or has a motive to falsify or distort his or her testimony. *See Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988).

Please produce any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Mr. Prilliman. *See* Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under *Brady,* 373 U.S. at 83. *See also United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

Please produce any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *See United States v. Chitty,* 760 F.2d 425 (2d Cir. 1985).

Please produce the name of any witness who has made an arguably favorable statement concerning Mr. Prilliman. *See Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina,* 637 F.2d 213, 223 (4th Cir. l980); *Jones v. Jago,* 575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979).

Please produce any statement that may be "relevant to any possible defense or contention" that he might assert. *See United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982). This request includes any statements made by percipient witnesses.

### Law Enforcement Witnesses

Please review the personnel files of all law enforcement officers who may be called as government witnesses at trial. In addition, please request all such files regarding foreign law enforcement or military officers who may also be called by the government as witnesses at trial from the appropriate foreign government/agency and make all reasonable efforts to ensure compliance with such request.

Please produce for inspection by the defense those portions of any such files that contain impeachment material. If you have any doubt as to whether a portion of such files constitutes impeachment material, please submit such portion to the Court for in camera inspection.

### Co-conspirators

Please supply the names and addresses of any and all alleged co-conspirators referred to in the indictment as "otherwise known to the Grand Jury," as well as any others as they may become known to the government. Please also provide a copy of each co-conspirator's mug shot.

In addition, please provide any written, recorded, or oral statement of any co-conspirators, whether or not indicted, made to a public servant engaged in law enforcement activity or to a person then acting under his or her direction or in cooperation with him, which the government intends to offer at trial.

### Information Regarding Informants and Cooperating Witnesses

Please produce all relevant information concerning any informants or cooperating witnesses involved in this case. At a minimum, the government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to Mr. Prilliman. *See Roviaro v. United States*, 353 U.S. 53 (1957).

### Government Examination of Law Enforcement Personnel Files

Mr. Prilliman requests that the government examine the personnel files and any other files within its custody, care or control, or that could be obtained by the government, and that relate to all testifying officers and agents, who may have been controlling or contacting any confidential informant in this case. Mr. Prilliman requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other dishonesty, or any other material relevant to impeachment or any information that is exculpatory, pursuant to its duty

under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).  *See United States v. Jennings*, 960 F.2d 1492 (9th Cir. 1992).

### Return of Personal Property

Please arrange for the return of all personal property, belongings and effects which were taken from Mr. Prilliman at the time of his arrest or thereafter.  Please provide a detailed inventory of all such property that you are unwilling or unable to release at this time, together with copies of all such items that are documentary in nature.  This request includes, but is not limited to, address books, notes, business cards, papers, and United States currency.  Fed. R. Crim. P. 16(a)(1)(C) and 41(e).

### Lost or Destroyed Evidence

Please provide a detailed description of any documents (including but not limited to rough notes or interviews, reports, memoranda, subpoenaed documents, and other documents), audio/video/digital recordings, objects or physical evidence relating to this case that have been destroyed, lost, or which are no longer in the custody or control of the government.  If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

### Preservation of Evidence

All offices and agencies of the government are hereby requested to preserve and maintain all relevant notes, reports and recordings prepared by or for government agents or prosecutors, as well as any document, paper, tangible object, tape recording or other potential item of evidence which is now or may hereafter come within the government's possession, the production of which is requested in this letter.

### Definitions

"Government" as used in the requests includes the Office of the United States Attorney; all branches, departments and agencies of the United States Government, including but not limited to the United States Department of Justice, the United States Attorney's Office for all districts, the Federal Bureau of Investigation, the Internal Revenue Service, and/or the Drug Enforcement Administration.  Thus, if information or documents covered by these requests is not in the possession of the United States Attorney's Office, but is otherwise in the possession of the "government," these requests call upon your office to obtain and produce such information or documents.  *See United States v. Poindexter*, 727 F.Supp. 1470, 1478 (D.D.C. 1989).

      Thank you for your attention to this matter. If you require additional information, please do not hesitate to contact me (202) 639-0999 or via e-mail at aeb@balarezolaw.com.

      Sincerely,


      A. Eduardo Balarezo